IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |
|---|---|
| PRESTON LEWIS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>THE UNITED STATES,  )<br>)<br>Defendant.  )<br>) | No. 24-1838<br><br>Filed: December 4, 2024 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Preston Lewis, proceeding pro se, filed this case on November 8, 2024. *See* Pl.'s Compl., ECF No. 1. As explained below, the Court lacks jurisdiction over Plaintiff's claims because they do not assert allegations against the United States and do not identify a money-mandating source of law. Accordingly, the Court dismisses Plaintiff's case sua sponte pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

### I.   BACKGROUND

Plaintiff's Complaint alleges that Judge M. Casey Rogers and Magistrate Judge Hope Thai Cannon of the United States District Court for the Northern District of Florida violated Plaintiff's civil rights by dismissing his discrimination claim under the Fair Housing Act ("FHA") and denying him leave to proceed in forma pauperis ("IFP"). *See* ECF No. 1 at 2–5; Pl.'s Ex. at 3, 18, ECF No. 1-2; *see also Lewis v. Barrons Prop. Managers, Inc.*, No. 22-cv-22608, 2023 WL 11931148 (N.D. Fla. Jan. 30, 2023) (first magistrate judge report); *Lewis v. Barrons Prop. Managers, Inc.*, No. 22-cv-22608, 2023 WL 3688465 (N.D. Fla. Apr. 11, 2023) (second magistrate judge report); *Lewis v. Barrons Prop. Managers, Inc.*, No. 22-cv-22608, 2023 WL 3687988 (N.D.

Fla. May 26, 2023) (district judge adoption of magistrate judge report).  Plaintiff also appears to challenge an order of the United States Court of Appeals for the Eleventh Circuit denying him leave to proceed IFP on appeal.  *See* ECF No. 1 at 6–7; *see also Lewis v. Barrons Prop. Managers, Inc.*, No. 23-12163-F, 2024 WL 3200537 (11th Cir. Feb. 6, 2024) (dismissing appeal for want of prosecution and failure to pay court fees).

Specifically, Plaintiff alleges he was "harmed" by Judge Rogers and Judge Cannon because they applied "bad case law."  ECF No. 1 at 2.  He notes that his district court complaint was dismissed without prejudice, allowing him to refile an amended complaint.  *Id.* at 3.  Plaintiff claims he timely objected, mistakenly filed an appeal in the wrong court, and still failed to obtain any relief.  *Id.* at 3–4.  He then filed a new lawsuit, which the district court dismissed as barred by res judicata.  *Id.* at 5.  Plaintiff claims that Judge Cannon "determined that without evidence or facts that Plaintiff does not have a disability" under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.  *Id.*  As a result, he alleges (1) Judges Cannon and Rogers violated his Fifth Amendment due-process rights by failing to abide by statutory and constitutional requirements for impartiality and judicial integrity; (2) the judges "abused their discretion by disregarding applicable law or precedent" related to his disability claims; (3) the judges violated his equal protection rights in violation of the Fourteenth Amendment; and (4) the Eleventh Circuit violated his due process rights, presumably under the Fifth and/or Fourteenth Amendments, by not considering his IFP motion in that court.  *See id.* at 5–7.

Plaintiff seeks compensatory damages and declaratory relief pursuant to the Tucker Act[1]

---

[1] On the first page of his Complaint, Plaintiff cites 28 U.S.C. § 1492 as a basis for damages.  *See* ECF No. 1 at 1.  But because he includes subsections with that citation—subsections that do not exist in § 1492—and later cites 28 U.S.C. § 1491(a)(1) as a basis for establishing this Court's jurisdiction, the Court construes the cite as a reference to the Tucker Act.

and the Federal Tort Claims Act ("FTCA"). *See id.* at 1, 7. He claims this Court has jurisdiction to grant such relief pursuant to the Tucker Act and "Bivens."[2] *Id.* at 2.

## II. LEGAL STANDARDS

The Court liberally construes allegations in complaints filed by pro se litigants. *See Whiting v. United States*, 99 Fed. Cl. 13, 15 (2011); *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005). Despite this leniency, pro se litigants must still meet the same jurisdictional requirements that apply to all litigants. *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *see also Knighten v. United States*, No. 2024-1563, 2024 WL 4457474, at *1 (Fed. Cir. Oct. 10, 2024) ("[T]his principle does not relieve an unrepresented plaintiff of the obligation to establish jurisdiction."). Regardless of pro se status, a plaintiff always bears the burden of establishing subject-matter jurisdiction by a preponderance of evidence. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The Court "must dismiss" an action if it "determines at any time that it lacks subject-matter jurisdiction." RCFC 12(h)(3); *see also Kicinski v. United States*, 172 Fed. Cl. 620, 624 (2024). Without subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing" the case. *Health Republic Ins. Co. v. United States*, 161 Fed. Cl. 510, 517 (2022) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

---

[2] Plaintiff separately filed an Application to Proceed IFP ("IFP Application") on the same day he filed his Complaint. *See* IFP Appl., ECF No. 2. In that Application, he indicates that he is currently unemployed, that he was last employed in March 2023, and that he currently has a net worth of approximately $2,500. *See id.* at 1–2. The Court finds that paying the filing fee would cause serious hardship to Plaintiff, *see Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007), and thus his request to proceed IFP is granted.

### III. DISCUSSION

The Court lacks jurisdiction over Plaintiff's claims for two reasons. First, he asserts allegations against federal courts and judicial officers, who cannot be sued in this Court. Second, he has not identified a money-mandating source of law to support his claims for damages.

**A. The Court Lacks Jurisdiction Over Claims Against Individual Federal Government Officials and Courts, and Over Claims That Challenge Court Decisions.**

Plaintiff's claims against federal judicial officers and courts are beyond this Court's jurisdiction. 28 U.S.C. § 1491(a)(1). The Tucker Act, which governs the jurisdiction of the Court of Federal Claims, provides in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

*Id.* § 1491(a)(1). As established precedent explains, this provision limits the jurisdiction of the Court to hear only a specific subset of legal actions: (1) claims for money damages against the United States that are founded either upon a provision of law that mandates compensation by the Government for the "damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); (2) claims founded upon contracts with the United States that are "either express or implied in fact," not "in law," *Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996); and (3) actions to recover "illegal exactions of money by the United States," *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

This Court does not have jurisdiction to review decisions of federal district or appellate courts. *See, e.g.*, *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("[T]he Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)

4

("[T]he Court of Federal Claims cannot entertain a . . . claim that requires the court to 'scrutinize the actions of' another tribunal.'" (quoting *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001))). A plaintiff's sole recourse in such circumstance is "the statutorily defined appellate process." *Shinnecock*, 782 F.3d at 1353 (citing 28 U.S.C. § 1291).

Further, this Court has no jurisdiction to hear claims against individual federal officials, including judges, acting in their personal or professional capacities. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Court of Claims]."). "[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson*, 58 Fed. Cl. at 190; *see Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011) (dismissing claims against federal government officials or judges).

In the Complaint, Plaintiff's allegations implicate only the actions of two federal judicial officers, acting in their official capacities, and one federal appellate court. *See generally* ECF No. 1. Indeed, he names Judge Rogers and Judge Cannon, as well as the Eleventh Circuit itself, as defendants. *Id.* at 1. This Court lacks jurisdiction over lawsuits against individual judges and courts because they are defendants other than the United States. *See Stephenson*, 58 Fed. Cl. at 190. To the extent the Complaint could be construed to impute actions to the United States, the only challenges Plaintiff makes concern the validity of the decisions that each judicial officer and court made. *See, e.g.*, ECF No. 1 at 2, 3, 4–5 (claiming judges applied bad case law, improperly considered outside facts, and adopted recommendations without conducting a full de novo review); *see id.* at 3–4 (claiming Eleventh Circuit improperly denied IFP motion). The Court of Federal Claims has no authority to "scrutinize" the actions of other courts. *Vereda*, 271 F.3d at 1375.

Because the Complaint entirely concerns the outcome of litigation that occurred in other federal district and appellate courts, the Court lacks jurisdiction over Plaintiff's claims.

    **B.**    **Plaintiff Has Also Failed to Assert Money-Mandating Claims that Invoke the Court's Subject-Matter Jurisdiction.**

Even setting aside the issue of improper defendants, Plaintiff must make a nonfrivolous allegation that he has a right to money damages under a substantive source of law—not sounding in tort—to invoke this Court's subject-matter jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005); *Roth*, 378 F.3d at 1384. Although Plaintiff's Complaint invokes several sources of law, none of his allegations are sufficient to establish jurisdiction.

The Tucker Act does not independently create a substantive cause of action against the United States. *See Terran ex rel. Terran v. Sec'y Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). Thus, a plaintiff must point to a separate money-mandating constitutional provision, statute, regulation, or contract with the United States that gives him a right to money damages. *See id.* The primary sources of law that Plaintiff cites as the bases for his lawsuit are the FTCA, 28 U.S.C. § 1346(b); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); the Due Process Clause of the Fifth Amendment; the Due Process Clause of the Fourteenth Amendment; and the Equal Protection Clause of the Fourteenth Amendment.[3] *See* ECF No. 1 at 1–2, 5–7.

---

[3] Plaintiff lists several other statutes that he claims the defendants violated, but he does not cite these provisions as sources of law that could constitute causes of action. *See* ECF No. 1 at 1–2 ("Jurisdiction" section), 5–7 ( "Claims for relief" section). At any rate, none of the additional statutes he cites provide a basis for maintaining a cause of action in this Court. *See id.* at 3, 5; *see also* 18 U.S.C. §§ 1001 (setting out criminal liability for falsifying or concealing facts and making materially false or fraudulent statements or representations), 1503 (setting out criminal liability for corruptly influencing or intimidating judicial officers); 28 U.S.C. §§ 371 (establishing requirements for judicial retirements), 636 (setting out procedures governing United States magistrate judges).

Tort claims under the FTCA are expressly excluded from this Court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1) (establishing jurisdiction over cases for liquidated or unliquidated damages "not sounding in tort"); *Sellers v. United States*, 110 Fed. Cl. 62, 66 (2013). Under the FTCA, exclusive jurisdiction lies in a United States district court. *See* 28 U.S.C. § 1346(b)(1); *Sellers*, 110 Fed. Cl. at 66; *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (explaining that the Court of Federal Claims is not a district court of the United States). Constitutional tort claims under the *Bivens* doctrine also lie outside this Court's jurisdiction because such claims concern the individual acts of Government officials in their individual capacities. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). As explained above, "[t]he Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." *Id.* (citing 28 U.S.C. § 1491(a)).

Fourteenth Amendment due-process claims are not cognizable in this Court because the Fourteenth Amendment lacks a money-mandating provision that entitles a plaintiff to damages against the United States. *See, e.g.*, *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). The same logic extends to Fifth Amendment due-process claims. *Id.* (holding that the Fifth Amendment's Due Process Clause "do[es] not mandate the payment of money and thus do[es] not provide a cause of action under the Tucker Act"). Likewise, the Court has no jurisdiction to hear Plaintiff's equal protection claim because it "is equally clear that the Fourteenth Amendment's Equal Protection Clause does not mandate the payment of money." *Id.*

\*   \*   \*

In sum, Plaintiff's claims concern allegations based solely on the actions taken by federal courts and judicial officers. Because this Court may not scrutinize the decisions of other courts and has no jurisdiction to hear claims against defendants other than the United States, and because

Plaintiff has failed to identify a money-mandating provision sufficient to establish jurisdiction under the Tucker Act, the Court lacks jurisdiction to hear his claims.

## IV.  CONCLUSION

For these reasons, this matter is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(h)(3) for lack of subject-matter jurisdiction.  For good cause shown, the Court **GRANTS** Plaintiff's IFP Application (ECF No. 2).  The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  The Clerk is directed to enter judgment accordingly.

    **SO ORDERED**.

Dated: December 4, 2024                  */s/ Kathryn C. Davis*
                                                      KATHRYN C. DAVIS
                                                      Judge